IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER M. ELLINGTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 20-1100-LPS |
| | : Court of Common Pleas of the State of |
| SABLE VANCE, et al., | : Delaware in and for Kent County |
| | : C.A. No. CPU5-20-000053 |
| Defendants. | : |

Christopher M. Ellington, Camden-Wyoming, Delaware, Pro Se Plaintiff.

David C. Weiss, United States Attorney, and Laura D. Hatcher, Dylan J. Steinberg, and Shamoor Anis, Assistant United States Attorneys, Wilmington, Delaware.   Counsel for Defendant United States of America.

**MEMORANDUM OPINION**

March 8, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Christopher M. Ellington ("Plaintiff"), who proceeds *pro se*, filed this action in the Court of Common Pleas of the State of Delaware in and for Kent County. The matter was removed on August 21, 2020. (D.I. 1) The Court has jurisdiction because the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* presents a federal question. Presently before the Court are Plaintiff's motion to remand, motion for e-filing rights, and motion for leave to amend, as well as Defendant United States of America's motion to dismiss. (D.I. 5, 6, 11, 13)

## II. BACKGROUND

The Complaint was filed in State Court as a negligence – personal injury action. (*See* D.I. 10-1 at 2) It alleges gross negligence, perjury, violations of due process, fraud, retaliation, and defamation, all related to the provision of social services to Plaintiff. (D.I. 1-1 at 18-19, 25-26, 28-29, 32) After the matter was removed from State Court, this Court granted a motion to substitute the United States of America ("United States") as a defendant in place of the federal government defendants ("Government Defendants"). (*See* D.I. 3, 9) Attached to the notice of removal is the certification of United States Attorney David C. Weiss ("Weiss"), stating that Defendants Janet Barton, Nicole Stokes, Amber Wingler, Ryan Paulson, and Tracy Pearson were employees of Wilmington Veterans Affairs Medical Center, and Defendant Dr. Patel was an employee of Dover Veterans Affairs Medical Center, all acting within the scope of their employment at the time of the incidents giving rise to this suit. (D.I. 1-2 at 2) Other defendants include Sable Vance ("Vance") and Lawrence Kirby ("Kirby") of the Delaware Office of Veterans Services, Mindy Backus ("Backus") of Connections CSP Inc. of Delaware, and Connections CSP Inc. of Delaware. ("Connections").[1]

---

[1] The State Court docket indicates attempts were made to serve Vance, Kirby, Backus, and

1

Following removal, Plaintiff filed a motion to remand and a motion requesting e-filing rights. (D.I. 5, 6) On September 30, 2020, the United States filed a motion to dismiss for lack of jurisdiction. (D.I. 11) Plaintiff did not file a response to the motion to dismiss. On January 20, 2021, Plaintiff filed a motion for leave to file an amended complaint. (D.I. 13)

### III. MOTION TO REMAND

The Government Defendants removed this matter pursuant to 28 U.S.C. §§ 1441(1), 1446(a), and 2679(d)(2), as well as 42 U.S.C. § 233(c). (D.I. 1 at 1) Plaintiff moves to remand. (D.I. 5)

Removal of this matter falls under the statute applicable to Federal Tort Claims Act ("FTCA") actions against the United States. Section 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

Plaintiff cites several grounds for remand: (1) the notice of removal was untimely; (2) the Court lacks subject matter jurisdiction; and (3) the Government Defendants were acting outside the scope of their duties and procedures (*i.e.*, not within the scope of employment).

First, the removal was timely. Plaintiff argues that the Government Defendants did not remove the case within 30 days from being served. While the general removal statute, 28 U.S.C.

---

Connections, but it is not clear if service was effected.

2

§ 1446(b)(1), contains a 30-day time limit, that time limit does not apply to removal of an FTCA case against the United States under the specialized removal provision of Section 2679(d)(2). Section 2679(d)(2) provides that the United States may remove the case from state court "at any time before trial." 28 U.S.C. § 2679(d)(2). It is undisputed that the case was removed before trial. (*See* D.I. 10-1 at 2-8, State Court Docket)

Second, Plaintiff argues that the case is comprised of forty percent state employees and sixty percent federal employees, all sued in their individual capacities. The fact that the Government Defendants are sued in their individual capacities does not deprive the Court of jurisdiction. Under 28 U.S.C. § 2679(d)(2), the Attorney General may certify that individual defendants were acting within the scope of federal employment, and "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Upon certification, "the United States shall be substituted as the party defendant." *Id.* Once the certification of scope of employment is filed and the removal is effected, the U.S. District Court has exclusive jurisdiction over the case under the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, and remand is unavailable. *See Osborn v. Haley*, 549 U.S. 225, 231 (2007).

Third, Plaintiff contends that the Government Defendants were not acting within the scope of their employment, despite the certification filed with the notice of removal. "On the jurisdictional issues, . . . certification is conclusive for purposes of removal, *i.e.*, once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Id.* It follows that Plaintiff's position that the Government Defendants were not acting as federal employees cannot provide a meritorious basis for remand.

Accordingly, Plaintiff's motion for remand will be denied. (D.I. 5)

## IV. MOTION TO DISMISS/MOTION TO AMEND

The United States moves to dismiss the Complaint for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. (D.I. 11) Plaintiff did not file an opposition to the motion. Instead he filed a motion for leave to file an amended complaint. (D.I. 13)

### A. Legal Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Defendant's motion presents a factual attack upon subject matter jurisdiction as it argues that this Court lacks jurisdiction over the claims due to Plaintiff's failure to exhaust administrative remedies. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* at 891. When a defendant presents a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *See id.*

### B. Discussion

The United States moves for dismissal of the Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies as is required under the FTCA. (*See* D.I. 11) Defendant

4

provides evidence (in the form of a declaration) that there is no record of an administrative claim presented by, or on behalf of, Plaintiff. (*See id.* at Ex. A) In particular, according to Defendant, Plaintiff did not file a Standard Form 95, Claim for Damage, Injury, or Death ("SF-95") or provide any other written claim for any alleged injury sustained at any time at the Wilmington or Dover VA Medical Centers, prior to filing the complaint in the instant matter. (*Id.*)

In Plaintiff's motion for leave to file an amended complaint he states,

> Plaintiff stipulates in the attached motions . . . that Plaintiff has been due diligent in prosecuting this case thus far, and the facts that regard Plaintiff understanding or unaware-of-not the "jurisdictional prerequisites" Defendants' point out regarding a SF95 form until October 2020; it is too late to file this form presented to Plaintiff late. Thus, Plaintiff did indeed exhaust all administrative efforts before filing this case, also believing his action was in good faith effort.

(D.I. 13 at 1-2)

The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674. As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. *See* 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition

5

of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citing *Livera v. First Nat'l Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Full administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit. Accordingly, where an FTCA lawsuit is filed before the exhaustion process is completed, the Court is compelled to dismiss that action. *See Miller v. United States*, 517 F. App'x 62, 63 (3d Cir. Apr. 8, 2013); *Roma*, 344 F.3d at 362. Moreover, a plaintiff "carries the burden of proof to establish presentment of her claim" to the appropriate Federal Agency." *Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. 2007). In order to satisfy this burden, "a plaintiff must demonstrate that the appropriate federal agency actually received the claim." *Id.* (citations omitted). Presenting a claim requires more than merely mailing the claim. *See Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009).

Plaintiff did not meet his burden to prove exhaustion. Indeed, he concedes that he did not understand or was unaware of the jurisdictional prerequisites. His counter-statement that he did exhaust all administrative efforts before filing the case is not supported by the record. Accordingly, the Court finds that Plaintiff has failed to meet his burden of establishing subject matter jurisdiction as to the FTCA claim and, therefore, will grant the United States' motion to dismiss for lack of subject matter jurisdiction. (D.I. 11)

6

In addition, the Court will deny Plaintiff's motion for leave to amend based upon futility of amendment. Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, futility can justify denial of leave to amend. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *See Lejon-Twin El v. Marino*, 262 F. App'x 262, 265 (3d Cir. 2018). Plaintiff did not exhaust his administrative remedies under the FTCA. Therefore, this Court does not have jurisdiction over the FTCA claims and, thus, amendment would be futile. Therefore, the motion for leave to amend will be denied. (D.I. 13)

## V.  REMAND

Plaintiff's claims under the FTCA were the sole basis for the Court's exercise of removal jurisdiction. The FTCA claim ceases to exist upon its dismissal, leaving only the negligence claims against Vance, Kirby, Connections, and Backus remaining. Under these circumstances, a district court has discretion to remand the case back to the state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, (1988) (explaining that district courts have discretion to remand cases where only state claims remain because federal claims have been dismissed), *superseded by statute*, 28 U.S.C. § 1367(c)(3) (enacted 1990) (providing that when district court has "dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over remaining claims).

The Court exercises its discretion and, pursuant to 28 U.S.C. § 1447(c), will remand the remaining claims against Vance, Kirby, Connections, and Backus to the Court of Common Pleas of the State of Delaware in and for Kent County.

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for remand (D.I. 5); (2) deny as moot Plaintiff's motion requesting e-filing rights (D.I. 6); (3) grant the United States' motion to dismiss (D.I. 11); (4) deny Plaintiff's motion for leave to amend (D.I. 13); and (5) remand the remaining claims raised against Vance, Kirby, Connections, and Backus to the Court of Common Pleas of the State of Delaware in and for Kent County.

An appropriate Order will be entered.