IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER M. ELLINGTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 20-1100-LPS |
| | : Court of Common Pleas of the State of |
| SABLE VANCE, et al., | : Delaware in and for Kent County |
| | : C.A. No. CPU5-20-000053 |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff Christopher M. Ellington ("Plaintiff"), who proceeds *pro se*, filed this action in the Court of Common Pleas of the State of Delaware in and for Kent County. The matter was removed on August 21, 2020. (D.I. 1) Presently before the Court is Plaintiff's motion pursuant to Fed. R. Civ. P. 60, opposed by Defendant United States of America. (D.I. 23, 24)

2. **Background.** On March 8, 2021, the Court entered an order denying Plaintiff's motion for remand, granting the United States' motion to dismiss for lack of jurisdiction, and remanding the claims against the remaining Defendants to the Court of Common Pleas of the State of Delaware in and for Kent County. (D.I. 19) On May 6, 2021, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (D.I. 21) Plaintiff appealed the March 8, 2021 order "regarding only Federal Defendants." (*Id.*) The appeal, *Ellington v. Vance*, No. 21-1910 (3d Cir.) is pending.[1] On May 14, 2021, Plaintiff filed a motion pursuant to Federal Rule of Civil

---

[1] A review of the appellate docket indicates that Plaintiff's appellate brief was due on or before January 14, 2022; on January 24, 2022, he sought an extension of time for "just a few days" to file and serve his brief; on February 2, 2022 he sought another extension of time until February 4, 2022 to file and serve his brief; and he filed his brief on February 25, 2022. *See Ellington*, No. 21-1910, at D.I. 17, 18, 19, 21)

1

Procedure 60(b)(1), (3), and (6) contesting the dismissal of the United States and seeking an order for remand of all Defendants to the Court of Common Pleas. (D.I. 23) The United States opposes the motion and argues this Court lacks jurisdiction during the pendency of Plaintiff's appeal.

3.  **Discussion.** As the Third Circuit has explained, "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). "'Divest' means what it says – the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen*, 758 F.2d at 120-21 (footnote omitted). When, as here, a district court is presented with a Rule 60(b) motion that is filed more than 28 days after the entry of the judgment being challenged on appeal,[2] that general rule does not prevent a district court from either denying the motion or indicating that it would grant the motion if the case were remanded. *See McCracken v. R.J. Reynolds Tobacco*, 842 F. App'x 722, 725 (3d Cir. 2021) (citing *Venen*, 758 at 123). By contrast, when a Rule 60(b) motion is filed within 28 days after the entry of the district court's judgment, the district court has full authority to adjudicate that motion, and an appeal from that court's judgment does not become effective until after the court adjudicates the motion. *See McCracken*, 842 F. App'x at 725 n.2 (citing Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i)).

---

[2] The order at issue was filed on March 8, 2021. Plaintiff filed his Rule 60 motion on May 14, 2021. (D.I. 19, 23)

2

4. Plaintiff relies on subsections (2), (3), and (6) of Rule 60(b), but has failed to put forth any newly discovered evidence, *see* Fed. R. Civ. P. 60(b)(2), establish that this Court's ruling was the product of "fraud . . ., misrepresentation, or misconduct by an opposing party," *see* Fed. R. Civ. P. 60(b)(3), or provide any other reason to justify relief under Rule 60(b), *see* Fed. R. Civ. P. 60(b)(6). Plaintiff provides no basis for relief under Rule 60(b) and, therefore, his motion will be denied.

### III. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion seeking relief pursuant to Fed. R. Civ. P. 60. (D.I. 23)

An appropriate order will be entered.

March 28, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE